90 N.J. Super. 328 (1966)
217 A.2d 459
GORDON DAVIS, PLAINTIFF-RESPONDENT,
v.
THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, A CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 9, 1966.
Decided February 25, 1966.
*329 Before Judges GAULKIN, LABRECQUE and BROWN.
Mr. Paul B. Thompson argued the cause for appellant (Messrs. Lamb, Blake, Hutchinson & Dunne, attorneys).
Janet W. Freeman, Esq. argued the cause for respondent (Mr. Fred Freeman, attorney).
PER CURIAM.
Plaintiff sued upon a group accident policy. He claimed a fall caused injuries which necessitated the amputation of his leg. Defendant denied this and said the amputation was compelled solely by plaintiff's diabetes or, at least, by the combined action of both, in either of which cases the policy did not cover. There was a verdict for plaintiff and defendant appeals.
The policy provided:
"Upon receipt of due proof that any employee, while insured under this policy, shall have sustained bodily injuries caused directly and exclusively by external, violent and purely accidental means, and, *330 within ninety days after such injuries, and as a result, directly and independently of all other causes, of such injuries shall have sustained any of the losses enumerated in the Schedule of Losses set forth below, the Society will, subject to the limitations and provision of this policy, pay to such employee * * *.

* * * * * * * *
No payment shall be made under this policy for any loss resulting from or caused directly or indirectly, wholly or partly, by (a) bodily or mental infirmity, hernia, ptomainers, bacterial infections (except infections caused by pyogenic organisms which shall occur with and through an accidental cut or wound) or disease or illness of any kind * * *."
Defendant contends it was entitled to a directed verdict because the evidence was incontrovertible that, at the very least, the diabetes was a substantial factor in making the amputation necessary. However, plaintiff had offered proof that his diabetes was inactive and under control before the amputation and had nothing to do with the amputation, or, if it did, that the diabetes was inactive at the time of the accident and the accident activated it. We think the evidence in the record before us made the opposing contentions of the parties questions for the jury and therefore the denial of a directed verdict was proper.
However, we think the charge to the jury was prejudicially improper and inadequate.
To begin with, the judge should not have charged the jury as follows:
"As to the construction of such provision and exception in an insurance policy, our courts have consistently recognized that when members of the public purchase policies of insurance they are entitled to the broad measure of protection necessary to fulfill their reasonable expectations. They should not be subjected to technical encumbrances or to hidden pitfalls, and their policies should be construed liberally in their favor to the end that coverage is afforded to the fullest extent that any fair interpretation will allow.
Where the primary provision of the accident policy limits coverage to loss from accidental bodily injury, directly or independently of all other causes, little significance is to be attached by you, the members of the jury, to such clause excluding loss resulting from or contributed to by any disease or ailment, because an insured may recover on an insurance policy, such as the one in issue, although the insured suffers from bodily infirmities. * * *."
*331 Although much of this language was taken from cases decided by our appellate courts, it was prejudicial error to include it in the charge. Appellate opinions are intended for the guidance of the bench and bar and are not to be read to the jury. It is the duty of the trial judge to construe writings in issue. He may not leave the construction to the jury. In an action upon a policy, he must tell the jury as simply and directly as possible, preferably in layman's language, what the policy requires, leaving to the jury only the task of finding the pertinent facts and reaching a verdict based upon that construction. The portions of the charge above quoted left the construction of the policy to the jury and gave it leeway to ignore what it might consider "technical encumbrances" or "hidden pitfalls." The jury was instructed to attach "little significance" to clauses "excluding loss resulting from or contributed to by any disease or ailment," and that the policy "should be construed liberally * * * to the end that coverage is afforded to the fullest extent that any fair interpretation will allow." Obviously, this was not only improper but devastating to defendant.
Finally, it was error not to instruct the jury that if the diabetes was not triggered into activity by the accident and, in conjunction with the accident, it operated to necessitate the amputation, the defendant was not liable. Tomaiuoli v. United States Fidelity & Guaranty Co., 75 N.J. Super. 192 (App. Div. 1962).
The judgment is reversed.